UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24437-BLOOM/Torres

JON Q. WRIGHT,
JOHN LICENSING, LLC,

    Plaintiffs,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

**ORDER GRANTING *EX PARTE* APPLICATION
FOR ENTRY OF TEMPORARY RESTRAINING ORDER**

**THIS CAUSE** is before the Court on Plaintiffs' *ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets, ECF No. [12] ("Application") by Plaintiffs, Jon Q. Wright and JQ Licensing, LLC ("Plaintiffs"). Plaintiffs request that the Court to enter a Temporary Restraining Order and an Order restraining the financial accounts used by Defendants, who are identified on Schedule "A" to the Complaint, ECF No. [9-1], which Plaintiffs filed under seal. The Court has considered the Motion, Plaintiffs' supporting submissions, the record in this case, and the applicable law, and is otherwise duly advised. For the reasons that follow, the Application is granted.

I. **BACKGROUND**[1]

Plaintiff Jon Q. Wright ("Wright") is an author and copyright owner of several fish illustrations, paintings, and designs and is one of the leading artists in North America specializing in fish and fishing-related art. His success as a wildlife illustrator has been dependent on experience, patience, and dedication, and his artwork is built on 40 years of expertise. Decl. of Jon Q. Wright in Support of Pls.' *ex Parte* App. ("Wright Decl.") ¶ 4, ECF No. [12-1]. Wright is the Owner and President of JQ Licensing, LLC ("JQL"), a company through which he markets and licenses his art, as well as the art of many other renowned artists. Wright Decl. ¶ 5.

Plaintiffs' illustrations, paintings and designs consist, represent, and hold the highly detailed and unique wildlife artworks created by Wright, protected by copyright, and registered with the Copyright Office (the "Works"). Wright Decl. ¶¶ 15-16; *see generally* Ex. 1 to the Compl., ECF Nos. [1-1] – [1-4]. Plaintiff is the owner of all rights in and to the Works, including the exclusive right to pursue acts of infringement worldwide and retain and recover all proceeds thereof. Wright Decl. ¶ 8.

Plaintiffs allege that Defendants, through e-commerce stores operating via Internet marketplace platforms under their seller identification names identified on Schedule "A" to the Complaint (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing what Plaintiffs have determined to be infringements, reproductions and/or colorable imitations of the Works at issue. Wright Decl. ¶ 32; Ex. 1. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make reproductions or colorable imitations of Plaintiffs' Works. Wright Decl. ¶ 27.

---

[1] The following factual background is taken from Plaintiffs' Complaint, ECF No. [1], the Application, and supporting evidentiary submissions and exhibits.

Plaintiffs investigated the promotion and sale of infringing versions of Plaintiffs Works by Defendants to obtain the available payment account data for receipt of funds paid to Defendants for the sale of infringing products through the Seller IDs. *See* Rothman Decl. ¶ 11 (citing Ex. 1 to Wright Decl., ECF No. [9-2] – [9-16]). Plaintiffs or someone under their supervision viewed infringing products bearing the Works at issue, added products to the online shopping cart, proceeded to a point of checkout, and exchanged data with each e-commerce store. (Wright Decl. ¶¶ 24-25, Ex. 1 to Wright Decl.). Test purchases were placed for certain products – all bearing infringements of one or more of the Works at issue in this action – and requested that each product be shipped to addresses in the United States. Wright Decl. ¶ 34.

Plaintiffs or someone under their supervision reviewed and visually inspected the products and determined the products were non-genuine, unauthorized products bearing Plaintiffs' Works. (Wright Decl. ¶ 28).

On November 21, 2023, Plaintiffs filed their Complaint against Defendants for copyright infringement. On November 30, 2023, Plaintiff filed his Ex Parte Application for Entry of a Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets, ECF No. [12].

## II. LEGAL STANDARD

To obtain a Temporary Restraining Order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo,* 403 F.3d 1223, 1225–26 (11th Cir. 2005). Additionally, Fed. R. Civ. P. Rule 65 provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party of its attorney on if:
>
> (A)    specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B)    the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

### III.   DISCUSSION

Based on Declarations submitted in support of Plaintiffs' Motion, the Court concludes that Plaintiffs have a strong probability of proving at trial that Defendants advertise, promote, sell, offer for sale, or distribute goods bearing reproductions or colorable imitations of the Works, that the products Defendants are selling and promoting for sale are products that bear Plaintiffs' intellectual property, and that the infringement of the copyrights will likely cause Plaintiffs to suffer immediate and irreparable injury if a Preliminary Injunction is not granted.

The following specific facts, as set forth in Plaintiffs' Complaint, the Motion, and accompanying Declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiffs and to consumers before Defendants can be heard in opposition unless Plaintiffs' request for *ex parte* relief is granted: a) Defendants own or control e-commerce stores via Internet marketplace platforms operating under their Seller IDs which advertise, promote, offer for sale, and sell products bearing infringing copyright in violation of Plaintiffs' rights; b) there is good cause to believe that more infringing products bearing Plaintiffs' copyright will appear in the marketplace, that consumers are likely to be misled, confused, or disappointed by the quality of

these products, and that Plaintiffs may suffer loss of sales for their genuine artworks; and c) there is good cause to believe that if Plaintiffs proceed to put Defendants on notice of this Application, Defendants can easily and quickly transfer or modify e-commerce store registration data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of the Seller IDs, thereby thwarting Plaintiffs' ability to obtain meaningful relief.

The potential harm to Defendants in restraining their trade in infringing branded goods if a Temporary Restraining Order is issued is far outweighed by the potential harm to Plaintiffs, their reputation, and their goodwill as a manufacturer and distributor of quality products, if such relief is not issued. The public interest favors issuance of the Temporary Restraining Order to protect Plaintiffs' copyright interests and protect the public from being defrauded by the palming off of infringing goods as Plaintiffs' genuine artwork. Pursuant to 17 U.S.C § 504 (a)(1) and (b), Plaintiffs may be entitled to recover, as an equitable remedy, the actual damages suffered as result of the infringement of the Works and any additional profits of the Defendants that are attributable to the infringement and are not taken into account in computing the actual damages or statutory damages pursuant 17 U.S.C § 504(a)(2) and (c).

Accordingly, the Court finds Plaintiffs have established a substantial likelihood of success on the merits of at least its copyright infringement claim. *See C.B. Fleet Co. v. Unico Holdings, Inc.*, 510 F. Supp. 2d 1078, 1081-83 (S.D. Fla. 2007) (finding plaintiff would likely succeed on the merits of its copyright infringement claim (citing *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349, 111 S. Ct. 1282, 113 L.Ed.2d 358 (1991) and *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 824 (11th Cir. 1982))).

Moreover, considering the likelihood that Defendants have violated federal copyright laws, Plaintiffs have good reason to believe Defendants will hide or transfer their allegedly ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

**IV.     CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' *ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets, **ECF No. [12]**, is **GRANTED** as follows:

**<u>TEMPORARY RESTRAINING ORDER</u>**

1. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Works, or any confusingly similar images, other than those manufactured or distributed by Plaintiffs; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiffs, bearing the Works, or any confusingly similar images; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Works or any confusingly similar images; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any

       Defendant, including, but not limited to, any assets held by or on behalf of any Defendant; and

   c. From copying, displaying, distributing, or creating derivative works of Plaintiffs' copyrighted Works.

2. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Works, or any confusingly similar images, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs. This order is limited to the Defendants' listings using the Works, or any confusingly similar images, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs, and does not apply to the Defendants' entire e-commerce stores.

3. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Works, or any confusingly similar images, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or

operated by any Defendant, including the Internet based e-commerce stores operating under the Seller IDs.

4. Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

5. Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs that may have been deleted before the entry of this Order.

6. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, the marketplaces and payment processors listed immediately below, and their related companies and affiliates shall, to the extent not already done, (i) immediately identify all financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores operating under the Seller IDs, store numbers, infringing product numbers, and/or the e-mail addresses identified on Schedule "A" to the Complaint, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court.

| Marketplace | Payment Processors |
| --- | --- |

| | |
|---|---|
| Amazon.com | Amazon Payments, Inc., Klarna, LianLian, Payoneer |
| Bonanza.com | Stripe, Inc., PayPal, Inc. |
| eBay.com | PayPal, Inc., Payoneer, LianLian |
| Etsy.com | Klarna, PayPal, Inc. |
| Wish.com | Payoneer, LianLian, PingPong |
| DHgate.com | PayPal, Inc. |
| Aliexpress.com | PayPal, Inc., Payoneer |
| Alibaba.com | PayPal, Inc., Payoneer |
| Walmart.com | PayPal, Inc. |
| Temu.com | Klarna, PayPal, Inc., Afterpay |

7. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms receiving notice of this Order shall further, to the extent not already done, provide Plaintiffs' counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained; (iii) the historical sales for the Defendants' listings that are alleged to infringe Plaintiffs' copyrights; and (iv) the true identities along with complete contact information including email addresses of all Defendants.

8. No funds restrained by this Order shall be transferred or surrendered by any Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

9. No Defendant whose funds are restrained by this Order may transfer said funds in possession of any financial institution, payment processor, bank, escrow service,

money transmitter, or marketplace website restrained by this Order to any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without the express authorization of this Court.

10. Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

11. This Order shall apply to the Seller IDs, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, websites, or financial accounts which are being used by Defendants for the purpose of copying the Plaintiffs' copyrights Works.

12. This Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated by the parties.

**BOND TO BE POSTED**

13. Pursuant to 17 U.S.C § 503 (a)(3) and Federal Rule of Civil Procedure 65(c), Plaintiffs shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court, and in the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

**PRELIMINARY INJUNCTION**

14. A **remote video hearing** is set before this Court **on December 13, 2023, at 9:00 a.m. Eastern Standard Time (GMT - 5)**, at which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move

to dissolve the same and at which time the Court will hear argument on Plaintiffs' requested Preliminary Injunction. **The hearing is accessible at the following Uniform Resource Locator or Web address**: https://www.zoomgov.com/j/1615913558?pwd=amUza1NGeVhkUk1tek9HYUxneHRtdz09.

15. After Plaintiffs' counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, Plaintiffs shall serve copies of the Complaint, Application, and this Order, on each Defendant by e-mail and/or online contact form or other means of electronic contact provided on the e-commerce stores operating under the Seller IDs, or by providing a copy of this Order by e-mail to the marketplace platform for each of the Seller IDs so that the marketplace platform, in turn, notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.

16. Plaintiffs shall post copies of the Complaint, the Application, this Order, as well as all other documents filed in this action on the website located at www.sriplaw.com/notice and shall provide the address to the website to the Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.

17. Plaintiffs shall continue to provide notice of these proceedings and copies of the documents on file in this matter to defendants by regularly updating the website located at www.sriplaw.com/notice, or by other means reasonably calculated to give notice which is permitted by the Court.

18. Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or

administrators of the Internet marketplace websites and/or financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms at Plaintiffs' request, provide Plaintiffs' counsel with any e-mail address known to be associated with Defendants' respective Seller IDs.

19. Defendants shall have five (5) business days to comply with this Temporary Restraining Order following notice.

20. Any response or opposition to Plaintiffs' Motion for Preliminary Injunction must be filed and served on Plaintiffs' counsel by **December 11, 2023**.

21. Plaintiffs shall file any reply memorandum on or before **December 12, 2023**.

22. The above dates may be revised upon stipulation by all parties and approval of this Court.

23. Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a Preliminary Injunction against them pursuant to 17 U.S.C. § 502, Federal Rule of Civil Procedure 65, The All Writs Act, and this Court's inherent authority.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 30, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record